UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANITA CHRISTIE, on behalf of herself and derivatively on behalf of CYBERECORD, INC.,

Plaintiffs,

v.

BRENT NELSON, JAMES LUCAS, KATHERINE NELSON, CYBERECORD, INC., and Does 1 thru 100, inclusive,

Defendants.

No. C05-0775 MJP

ORDER DENYING PLAINTIFF'S MOTION TO TRANSFER FOR CONVENIENCE OF WITNESSES AND PARTIES

This matter comes before the Court on Plaintiff's motion to transfer for convenience of witnesses and parties. (Dkt. No. 16). Having received and reviewed Plaintiff's motion and all other documents submitted, the Court finds that it lacks sufficient information to determine whether this suit might have been properly brought against Katherine Nelson in the Northern District of California. Accordingly, the Court DENIES Plaintiff's motion to transfer.

BACKGROUND

Cyberecord, a Nevada corporation was created for the purposes of developing and marketing a digital scanning technology. (Compl. ¶ 9). Between 1999 and 2002, Plaintiff invested a total of $255,000 in Cyberecord through stockbrokers located in California. (Id. ¶ 42; Pl.'s Mot. to Transfer at 4). Plaintiff's stock in Cyberecord is now worth approximately $450. (Compl. ¶ 99). According to Plaintiff, she was induced to invest in Cyberecord by Defendants' fraudulent misrepresentations of

ORDER - 1

Cyberecord's product status issued during a San Francisco sales meeting. (Pl.'s Mot. to Transfer at 4). As a result, Plaintiff filed this derivative action with this Court on April 25, 2005.

Plaintiff originally filed this action with this Court, believing that Cyberecord's major center of operations were in Bellevue, Washington. (Pl.'s Mot. to Transfer). Plaintiff now believes that Cyberecord was actually centered in Modesto, California. The parties do not dispute that Cyberecord's corporate headquarters were in Bellevue. However, there is some question as to the significance of such corporate presence. In any event, there were never more than five people working in Bellevue. (Def.'s Resp. at 2). Additionally, it is undisputed that as many as eight of Cyberecord's officers and employees lived and worked in California and that the development the Cyberecord technology occurred there as well. (Kimball Decl. ¶ 10; Def.'s Resp. at 3).

At present, Defendants Nelson are the only named defendants currently known to reside in Washington. While Defendant Lucas is alleged by Defendant Brent Nelson to reside in Nevada, Lucas already filed with this Court a motion to dismiss for lack of diversity jurisdiction based on his alleged residence in California. (Dkt. No. 12). According to Defendant Brent Nelson, the only other "primary" witness in this case is Plaintiff's brother-in-law, Mr. Glenn Kimball, a Montana resident. (Def.'s Resp. at 4). Mr. Kimball was one of the original two founders of Cyberecord. (Kimball Decl. ¶ 3). Defendant Nelson also notes that the Seattle law firm Preston, Gates, and Ellis represented Cyberecord in the past and may possess evidence important to this litigation. (Def.'s Resp. at 3). On the other hand, Plaintiff states that, based on information received from Mr. Kimball, there are as many as seventeen potential witnesses all residing in California. (Pl.'s Mot. to Transfer at 2-3).

## ANALYSIS

Plaintiff seeks to have this case transferred to the Northern District of California at San Francisco for the convenience of the parties and witnesses. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Because this case arises under Federal law, the U.S. district court for the Northern District of California has subject

matter jurisdiction. Further, venue is proper in the Northern District based on the undisputed fact that a substantial part of Cyberecord operations and alleged fraudulent activities occurred there. See Myers v. Bennett Law Offices, 238 F.3d 1068, 1075 (9th Cir. 2001); 28 U.S.C. § 1391(b)(2). Even still, it is "obvious that proper venue does not eliminate the requisite of personal jurisdiction over the defendant[s]." Robertson v. R.R. Labor Ret. Board, 268 U.S. 619, 623 (1925). The Court finds that Cyberecord's development operations in Modesto, California constitute "doing business" for jurisdiction purposes and justify Cyberecord being haled into court in the Northern District of California.

While Defendant Lucas' residency is in dispute, there is some evidence in the Court's docket supporting the notion that he is a California resident because he already filed motion to dismiss based on his alleged California residency and since he owns a house in Healdsburg, California. (Pl.'s Reply at 5). Should such facts bear out, jurisdiction in the Northern District California will be appropriate with regard to Mr. Lucas as well.

Defendant Brent Nelson argues that he has insufficient contacts with the Northern District of California to justify requiring him to defend suit there. However, Mr. Nelson is alleged to be a primary participant in wrongdoing intentionally directed at California residents, and jurisdiction over him may be proper on that basis. See Calder v. Jones, 465 U.S. 783, 790 (1984).

However, the Court lacks sufficient information to determine whether this suit might have been properly brought against Katherine Nelson in the Northern District of California. Accordingly, the Court DENIES Plaintiff's motion to transfer.

//

//

//

//

//

ORDER - 3

CONCLUSION

Without information sufficient to determine whether this suit might have been brought against each defendant in the United States District Court for the Northern District of California, the Court must DENY Plaintiff's motion to transfer.

Dated: December 21, 2005.

s/Marsha J. Pechman  
Marsha J. Pechman  
United States District Judge

ORDER - 4