UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANITA CHRISTIE, on behalf of herself and derivatively on behalf of CYBERECORD, INC., <br><br>Plaintiff(s), <br><br>v. <br><br>BRENT NELSON, JAMES LUCAS, KATHERINE NELSON, CYBERECORD, INC., and Does 1 thru 100, inclusive, <br><br>Defendant(s). <br><br>JAMES LUCAS, on behalf of himself and derivatively on behalf of CYBERECORD, INC., <br><br>Third Party Plaintiff(s), <br><br>v. <br><br>GLENN KIMBALL, and JANE DOE KIMBALL, individually and as members of the marital community comprised thereof, <br><br>Third Party Defendant(s). <br><br>GLENN KIMBALL, and PAULETTE KIMBALL, individually and as members of the marital community comprised thereof, on behalf of themselves and derivatively on behalf of CYBERECORD, INC., <br><br>Fourth Party Plaintiff(s), <br><br>v. <br><br>MAREK A. NICZYPORUK, aka MAREK ALEXANDER <br><br>Fourth Party Defendant. | No. C05-0775 MJP <br><br>ORDER GRANTING MOTION TO DISMISS CONVERSION CLAIM |

ORDER - 1

This matter comes before the Court on a motion to dismiss the Fourth Party conversion claim by Fourth Party Defendant Marek Alexander (fka Marek A. Nicyporuk). (Dkt. No. 40).  Glenn Kimball is the Fourth Party Plaintiff and Marek Alexander is the Fourth Party Defendant.  Having reviewed the parties' briefs, the Court GRANTS Defendant's Motion to Dismiss the Conversion Claim and DENIES Mr. Kimball's request for leave to amend the Fourth Party Complaint.

**I.     Background**

According to Mr. Kimball's Fourth Party Complaint, in 1999, James Lucas, Third Party Plaintiff, and Mr. Kimball started a business named CybeRecord to develop a digital microfilm scanner known as the "ScanServer."  Mr. Lucas was President and CEO of CybeRecord, and Mr. Kimball was the engineer responsible for designing and developing the ScanServer.  In June 1999, Mr. Alexander was hired to be Vice President of Software and to write operating software for the ScanServer.  Mr. Alexander was also hired to write test software for the ScanServer by March or April 2000.  Mr. Alexander estimated that completion of the software would take one year.  But Mr. Alexander did not release the test software until late August 2000.  Mr. Kimball alleges that because of the late release, he was unable to test the ScanServer prototype on schedule.

In September 2000, Mr. Lucas directed Mr. Alexander to collect all the ScanServer intellectual assets, which he did.  Mr. Lucas fired Mr. Kimball on October 31, 2000.  Mr. Lucas was unable to complete the ScanServer.  In early 2001, CybeRecord ceased operations.

In April 2005, Plaintiff Danita Christie, proceeding pro se, filed a shareholder derivative complaint for fraud, breach of fiduciary duties, and SEC violations against the directors of CybeRecord, including Mr. Lucas.[1]  Mr. Lucas filed a third party claim against Mr. Kimball alleging that Mr. Kimball is liable in whole or in part for Ms. Christie's claims.  Mr. Kimball, proceeding pro se, in turn, filed a fourth party claim against Mr. Alexander, asserting claims for contribution and conversion.

---

[1]     Although the Fourth Party Complaint identifies Mr. Lucas only as the President and CEO of CybeRecord, Ms. Christie's Complaint identifies him as the President, Director, Chairman, and CEO of CybeRecord. (Compl. ¶ 5).

ORDER - 2

Fourth Party Defendant Alexander has filed a motion to dismiss the conversion claim based on statute of limitations grounds. (Dkt. No. 40). Mr. Kimball has responded (Dkt. No. 41) and has requested that if the Court grants the motion to dismiss, that it also grant Mr. Kimball leave to amend his Fourth Party Complaint.

**II.    Analysis**

**A.    Standard**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). A statute of limitations defense may be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. Vaughan v. Grijalva, 927 F.2d 476, 479 (9th Cir. 1991).

**B.    The Applicable Statute of Limitations Bars Mr. Kimball's Conversion Claim**

Mr. Alexander argues that the fourth party conversion claim should be dismissed as untimely. Washington Revised Code (RCW) § 4.16.080(2) imposes a three-year statute of limitations for claims based on conversion. Under Washington law, a cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief. Hudson v. Condon, 101 Wn. App. 866, 874, 6 P.3d 615 (2000). This right to apply for relief arises when the plaintiff can establish each element of the action. Id. Mr. Alexander argues that the alleged conversion took place in October 2000. Mr. Kimball did not file his fourth party complaint until June 26, 2006.

On its face, the Fourth Party Complaint indicates that the alleged conversion took place in October 2000. The complaint states that "[i]n October 2000 Mr. Alexander, directed by Lucas, took possession and control of ScanServer documentation, hardware and software." (Fourth Party

ORDER - 3

Complaint ("FPC") ¶ 31).  The complaint also states that on October 1, 2000, Mr. Alexander "sent an . . . email to Kimball asking Kimball to turn over all ScanServer parts in his possession . . . ." (FPC ¶ 32).  And the complaint asserts that Mr. Alexander is either now using the intellectual property or may have destroyed or discarded it. (FPC ¶¶ 35-36).  Thus, the complaint suggests that the claim is untimely because Mr. Alexander took possession of the property in October 2000, Mr. Kimball knew that Mr. Alexander took possession of the property at that time, and Mr. Kimball did not file his complaint until more than five years after he had knowledge of the conversion.

Mr. Kimball argues that the statute of limitations has not run because (1) the complaint does not allege that conversion occurred in October 2000, (2) the complaint alleges that the conversion is continuing at present, and (3) RCW § 4.16.180 tolled the statute while Mr. Alexander was not a resident of the state.

In his Response, Mr. Kimball states that the conversion could not have occurred in October 2000 because "[c]onversion begins when authorized custody ends" and that Mr. Alexander was authorized by CybeRecord to possess the property in October 2000. (Resp. at 6).  Mr. Kimball argues that "[conversion] occurred sometime after 2001 when CybeRecord ceased operations and Mr. Alexander either failed to return company assets or destroyed, sold, abandoned or otherwise converted ScanServer to his own use." (Resp. at 6).  Construed in the light most favorable to Mr. Kimball, Mr. Kimball is correct that the complaint does not identify a specific date on which the conversion occurred.  But the complaint states that Mr. Kimball turned over the property to Mr. Alexander in 2000, that CybeRecord ceased operations in "early 2001," and that Mr. Alexander is either using the intellectual property or has destroyed or discarded it.  Thus, at the very latest, the Fourth Party Complaint identifies the date of conversion as "early 2001."  Because Mr. Kimball did not file his claim until 2006, the claim is untimely under RCW § 4.16.080(2).

Moreover, the Fourth Party Complaint does not allege a continuing tort.  Under Washington law, "a tort is continuing if the intrusive condition is reasonably abatable and not permanent."  Pac. Sound Resources, et al. v. Burlington N. Santa Fe Ry. Corp., 130 Wn. App. 926, 941, 125 P.3d 981

ORDER - 4

(2005). "When a tort is continuing, the statute of limitations runs from the date each successive cause of action accrues as manifested by actual and substantial damages." Id. (internal quotation marks omitted). Mr. Kimball's complaint does not allege any successive damages.[2] Mr. Kimball believes (it seems) that because Mr. Alexander may continue to possess the property, that the tort is continuing. But Mr. Kimball misunderstands the nature of the continuing tort doctrine; he has not alleged a continuing tort, but a single tort that occurred sometime between October 2000 and early 2001.

Mr. Kimball's argument that RCW § 4.16.180 tolled the statute while Mr. Alexander was not a resident of the state is also without merit. The Washington Supreme Court has explained that RCW § 4.16.180 does not operate to toll the applicable statute of limitations when the defendant was absent from the state but the plaintiff was aware of the defendant's place of residence and could have proceeded against the defendant under the long-arm statute. Summerise v. Stephens, 75 Wn.2d 808, 812-13, 454 P.2d 224 (1969); Im Ex Trading Co. v. Faisal Assad Raad, et al., 92 Wn. App. 529, 540, 963 P.2d 952 (1998).

Here, the statute was not tolled. Although the complaint alleges that Mr. Alexander was not a resident of Washington until 2005, (FPC ¶ 5) it also identifies his whereabouts before then as "Palo Alto, California." (Id.) Mr. Kimball did not allege that he did not know Mr. Alexander's place of residence and it would be inconsistent for Mr. Kimball to argue it at this point given that the complaint identifies Mr. Alexander's whereabouts before 2005. Moreover, as Mr. Alexander points out in his Reply, this Court had personal jurisdiction over Mr. Alexander during the limitations period because Mr. Alexander transacted business with and for CybeRecord in the State of Washington as an officer and employee of CybeRecord. Because Mr. Kimball could have served Mr. Alexander under

---

[2] In a separate motion, Mr. Kimball requested relief from the discovery deadline, apparently so that he could obtain information about the disposition of the ScanServer property. In a separate order, the Court has denied Mr. Kimball's motion to extend the discovery deadline. (Dkt. No. 52).

ORDER - 5

Washington's long-arm statute[3] during the limitations period, the statute was not tolled. See Summerrise, 75 Wn.2d at 811-13.

### III.   Leave to Amend

Mr. Kimball requests that he be granted leave to amend the Fourth Party Complaint. But leave to amend would be futile. Mr. Kimball does not allege that he has a property interest in the assets Mr. Alexander allegedly converted. And Mr. Kimball's conversion claim is not proper because a conversion claim cannot be brought as a derivative claim under Fed. R. Civ. P. 14(a).

"A third party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and is secondary or derivative thereto." Stewart v. Am. Int'l Oil & Gas Co., 845 F.2d 196, 199 (9th Cir. 1988). As the Ninth Circuit explained in Stewart,

> [The claim] cannot simply be an independent or related claim but must be based on Plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that the defendant is attempting to transfer to the third-party the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.

Stewart, 845 F.2d at 200 (quoting WRIGHT & MILLER, 6 FED. PRAC. & PROC. § 1446 at 257 (1971)); see also WRIGHT & MILLER, 6 FED. PRAC. & PROC. § 1446 at 355-69 (2d ed. 1990). Plaintiff Danita Christie has brought a shareholder derivative suit alleging breach of fiduciary duties, fraud, intentional and negligent misrepresentation, and SEC violations. Mr. Kimball's claim for conversion is not at all dependent on the outcome of Plaintiff Christie's claims against Defendants. Because Mr. Alexander's alleged liability is not derivative of Plaintiff Christie's claims, the conversion claim is not a proper fourth party claim. Leave to amend would therefore be futile.

---

[3] Washington's long-arm statute, RCW § 4.28.185, makes it possible to secure personal service outside the state in certain classes of cases, including "[t]he commission of a tortious act within this state." RCW § 4.28.185(1)(b).

ORDER - 6

**III.   Conclusion**

Because the statute of limitations bars Mr. Kimball's conversion claim, the Court GRANTS Mr. Alexander's motion to dismiss the conversion claim in the Fourth Party Complaint.  In addition, because leave to amend would be futile, the Court DENIES Mr. Kimball's request for leave to amend the Fourth Party Complaint.

Dated this 8th day of December, 2006.

*/s/ Marsha J. Pechman*
Marsha J. Pechman
United States District Judge